## Richmond

FLORENCE TODARO

V.

ALEXANDRIA DEPARTMENT OF SOCIAL SERVICES, ET AL.

December 2, 1983.

Record No. 811481.

Present: All the Justices.

*Christian C. Westerman* for appellant.
*Dorathea J. Peters; Thomas Carter, Assistant Commonwealth's Attorney; Gregory L. Murphy* for appellees.

PER CURIAM.

Florence Todaro appeals from a judgment of the trial court terminating her residual parental rights in three of her children. Foster care plans for each child were filed in the Juvenile and Domestic Relations District Court of the City of Alexandria before the termination petitions were filed. The District Court terminated Todaro's parental rights, and she appealed the decision to the Circuit Court, where a trial *de novo* was conducted. However, the foster care plans were not refiled in the Circuit Court. Todaro contends a refiling was statutorily mandated and, absent a refiling, the evidence before the Circuit Court was insufficient as a matter of law to support its judgment. We do not agree.

Code § 16.1-283 provides in part that "[n]o petition seeking termination of residual parental rights shall be accepted by the court prior to the filing of a foster care plan, pursuant to § 16.1-281, which documents termination of residual parental rights as being in the best interests of the child." Code § 16.1-281 requires the Department of Social Services to file the plan with the "juvenile and domestic relations district court" and provides that certain parts of the plan "shall be sent by the court to the attorney for the child, the child's parents . . . and such other persons as appear to the court to have a proper interest in the plan."

Thus, it is clear that "the court" referred to in § 16.1-283 is the juvenile and domestic relations district court. Although the appeal

to the circuit court requires a trial *de novo*, a refiling of the plan in the circuit court, while perhaps advisable, is not required.

 The foster care plans were available to the Circuit Court and to all interested parties. Moreover, the trial court found "clear and convincing evidence" for terminating Todaro's parental rights, and we conclude that its finding is supported by the evidence.

Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*