COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


LAVICIE N. SAWYERS, SOMETIMES KNOWN AS
 LAVICIE ANN SAWAYERS
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1605-99-3       CHIEF JUDGE JOHANNA L. FITZPATRICK
                                              MAY 9, 2000
TAZEWELL COUNTY DEPARTMENT
 OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                       Donald R. Mullins, Judge

        H. Shannon Cooke for appellant.

        Stephen E. Arey for appellee.

        Felicia H. de Courcy (Henderson & de Courcy,
        on brief), Guardian ad litem for the minor
        children.


     Lavicie Ann Sawyers (Sawyers) appeals from a decision

terminating her parental rights on petition by the Tazewell County

Department of Social Services (DSS).  She contends the trial court

erred in terminating her parental rights because:  (1) she did not

receive a copy of the foster care plan in the de novo trial in

circuit court; (2) the trial court did not require DSS to elect

which subsection of Code § 16.1-283 was the basis of the petition;

and (3) the evidence was insufficient to terminate her parental

rights as a matter of law.  For the following reasons, we affirm.

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

As a preliminary matter, Sawyers contends that, although she received a copy of the foster care plan filed in the juvenile court, the plan was not refiled in the circuit court when the initial decision was appealed. Thus, she argues, the trial court failed to follow the procedural requirements of Code §§ 16.1-281 and -283. This argument is controlled by Todaro v. Alexandria Dep't of Soc. Serv., 226 Va. 307, 309 S.E.2d 303 (1983) (per curiam). In Todaro, the Supreme Court held that "[a]lthough the appeal to the circuit court requires a trial de novo, a refiling of the plan in the circuit court, while perhaps advisable, is not required." Id. at 308-09, 309 S.E.2d at 304 (emphasis added). Because the foster care plan was timely filed in the juvenile court proceedings and made available to all interested parties, we find no error.

Next, Sawyers contends the trial court erred in failing to require DSS to elect which subsection of Code § 16.1-283 was the basis for the petition for termination of parental rights. She argues that the trial court's decision to proceed under both subsection (B) and subsection (C) of Code § 16.1-283 was prejudicial and placed an undue burden on her ability to defend the petition. We disagree.

Code § 16.1-283 establishes the procedures and grounds under which a court may order the termination of residual parental rights. Pursuant to Code § 16.1-283(B), the court may terminate the residual parental rights of a parent of a child who has been

-

neglected and placed in foster care based upon clear and convincing evidence that it is in the child's best interest and that

> 1.  The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

> 2.  It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. . . .

Code § 16.1-283(B) (emphasis added).  Prima facie evidence of the conditions set forth in subsection (B)(2) exists when there is proof that the parent, "without good cause, [has] not responded to or followed through with appropriate, available and reasonable rehabilitative efforts on the part of social, medical, mental health or other rehabilitative agencies designed to . . . prevent the neglect . . . of the child."  Code § 16.1-283(B)(2)(c).

Alternatively, Code § 16.1-283(C)(2) provides that parental rights may be terminated if the court finds by clear and convincing evidence that it is in the best interests of the child and that

> [t]he parent . . . , without good cause, [has] been unwilling or unable within a reasonable period not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical,

-

> mental health or other rehabilitative
> agencies to such end.

Code § 16.1-283(C)(2) (emphasis added).  Proof that the parent has failed or been unable to make substantial progress towards elimination of the conditions leading to the placement in foster care shall constitute prima facie evidence of grounds for termination.  "The court shall take into consideration the prior efforts of such agencies to rehabilitate the parent or parents prior to the placement of the child in foster care."  Id.

Both subsection (B) and subsection (C) of Code § 16.1-283 address substantially similar grounds for the termination of parental rights.  While Code § 16.1-283(B) places a "reasonable time" limitation to remedy the conditions causing foster care placement, Code § 16.1-283(C)(2) requires that the conditions be remedied within "a reasonable time not to exceed twelve months." Despite this minor distinction, we have previously upheld the termination of parental rights in a case under both subsections of Code § 16.1-283.  See Fergusson v. Stafford County Dep't of Soc. Serv., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).  DSS is not barred from proceeding under more than one applicable subsection of Code § 16.1-283 and, thus, the trial court did not err.

Finally, Sawyers contends that the evidence was insufficient to terminate her parental rights.  "When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial

-

court is the child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). When reviewing the trial court's termination of parental rights on appeal, we view the evidence in the light most favorable to the prevailing party below. See id. Where the trial court hears the evidence ore tenus, its decision is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it. See Hawks v. Dinwiddie Dep't of Soc. Serv., 25 Va. App. 247, 253, 487 S.E.2d 285, 288 (1997).

The trial court found that DSS presented clear and convincing evidence meeting the statutory requirements of both Code § 16.1-283(B) and (C)(2). The trial court noted that DSS has provided social services since March 1996 and, based on Sawyers' failure to comply with DSS recommendations, the minor children were removed from her home on July 10, 1997. Significantly, the trial court found that throughout the proceedings Sawyers "has continued to place other matters above the welfare of her children" and that "she has placed her affection for her paramour above the welfare of the children."

Despite the social services provided, Sawyers did not remedy the conditions leading to the foster care placement of her minor children. Sawyers violated an order of the juvenile court by allowing Bobby Sawyers, her previous husband, to return to the marital home, although he had been charged with sexual abuse of his own daughter, who is also Lavicie Sawyers'

-

stepdaughter.  Thereafter, Sawyers placed her stepchildren in the custody of a relative of Bobby Sawyers, an additional violation of court orders.  At the time of the hearing in this matter, Sawyers had established a residence with her boyfriend, Roy Asbury, and continued to live with him despite DSS recommendations.  The trial court ordered Sawyers and Asbury to attend counseling, to undergo psychological evaluation, and to obtain and maintain regular employment.  Asbury discontinued visitation sessions with the children and refused to undergo the psychological evaluation.  Sawyers supported Asbury's decision and, according to psychologist Steve Farris, she would "give in" to what Asbury wanted.

Put simply, Sawyers has demonstrated a two-year history of failing to follow through with recommendations and treatment plans provided by DSS, a period far in excess of twelve months. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming [her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).  The trial court's finding that the termination of Sawyers' residual parental rights was in the children's best interest and that DSS presented clear and convincing evidence to meet the requirement of Code § 16.1-283(C)(2) was supported by the record.

-

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>